Filed 3/11/16  P. v. Vargas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079782 |
| Plaintiff and Respondent, | (Super. Ct. No. 62132054) |
| v. | |
| LEONARDO TORRES VARGAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Leonardo Torres Vargas has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged with felony carjacking (Pen. Code, § 215, subd. (a))[1] and misdemeanor resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)). The complaint alleged defendant personally used a firearm during commission of the carjacking. (§§ 12022.5, subd. (a), 12022.53, subd. (b).)

On April 2, 2015, defendant entered a negotiated plea of no contest to carjacking and admitted the firearm enhancement in exchange for dismissal of the remaining charge and a sentencing lid of 15 years, giving the trial court the option of imposing either the lower term (three years) or the middle term (five years) on the carjacking count. The factual basis for the plea was as follows: On July 27, 2014, defendant pointed a loaded firearm at the victim and demanded the victim's car keys. Defendant then took the victim's keys and fled in the victim's vehicle.

On May 20, 2015, at defendant's request, the trial court relieved retained counsel as attorney of record and appointed a public defender to determine whether there were grounds for a motion to withdraw the plea and to represent defendant for the duration of the case.

On July 2, 2015, defendant filed a motion to withdraw his plea on the ground of ineffective assistance of counsel. In particular, the motion argued that defendant's former trial counsel misled him to believe the section 12022.53, subdivision (b) firearm enhancement applied to defendant's crime when, according to defendant, section 12022.53 enhancements refer only to gang-related crimes and therefore did not apply to his crime, which was not gang related. In support of the motion, defendant wrote a letter

---

[1] Undesignated statutory references are to the Penal Code.

to the court claiming he was lied to and manipulated by his former defense counsel regarding the section 12022.53, subdivision (b) enhancement. The letter stated that, based on defendant's own research, defendant believed section 12022.53, subdivision (b) only applied to persons "who violated subdivision (b) of section 186.22."

The prosecution opposed the motion, arguing defendant failed to demonstrate good cause to withdraw his plea in that he failed to demonstrate he received inadequate legal representation or entered his plea based on inadvertence, ignorance, or mistake, and his erroneous belief that section 12022.53, subdivision (b), requires gang-related conduct was insufficient to establish he did not freely and knowingly enter his plea.

After considering the parties' written and oral arguments, the trial court concluded defendant failed to show good cause and denied the motion.

The court sentenced defendant to an aggregate term of 15 years in state prison comprised of five years (the upper term) for the carjacking offense, plus a consecutive 10-year term for the firearm enhancement. The misdemeanor count was dismissed in the interest of justice. The court awarded defendant 399 days of presentence custody credit (347 actual days plus 52 conduct credits), and imposed a $2,000 restitution fine (§ 1202.4, subd. (b)), a $2,000 parole revocation restitution fine stayed pending successful completion of parole (§ 1202.45), a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and victim restitution in the amount of $10,257.30.

Defendant filed a timely notice of appeal. He did not request a certificate of probable cause.

II

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental

3

brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

We note one small discrepancy between the trial court's oral pronouncement of judgment, the minute order, and the abstract of judgment.  The court orally imposed victim restitution in the amount of $10,257.30.  The sentencing minute order reflects an amount of "$10,257.70."  The abstract of judgment reflects an amount of "$10,257."  Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Recognizing the discrepancy is a minor one, for purposes of consistency and accuracy we will nonetheless direct the trial court to amend the abstract accordingly.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to amend the abstract of judgment to reflect victim restitution in the amount of $10,257.30, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


/s/
Blease, Acting P. J.


We concur:


/s/
Hull, J.


/s/
Murray, J.

4